UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERESA HEBERT,<br><br>       Plaintiff,<br><br>       v.<br><br>HOLLAND AMERICA LINE N.V., a Curacao corporation; HAL ANTILLEN N.V., a Curacao corporation; INTERCRUISES SHORESIDE & PORT SERVICES, INC., a Florida corporation; and XYZ CORPORATION,<br><br>       Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff TERESA HEBERT, by and through her attorneys, Lipcon, Margulies & Winkleman, P.A., and states as follows:

## I.   JURISDICTION AND VENUE

A.  This claim for damages is for injuries suffered by Plaintiff caused by the negligence of Defendants. Jurisdiction is vested in this court pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

B.  This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because HOLLAND AMERICA LINE unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

C.  Defendants do business in the state of Washington and issued the "Cruise Contract"

booking passage for Plaintiff on the M/S ROTTERDAM from Defendants' offices in Seattle, Washington, situated in the Western District of Washington. Venue lies in the Western District of Washington in Seattle pursuant to the terms of the parties' "Cruise Contract."

## II.    JURY DEMAND

Plaintiff respectfully asks for a jury trial pursuant to Fed. R. Civ. P. 38.

## III.    PARTIES

A.  At all times material, plaintiff, TERESA HEBERT was a fare-paying passengers on the vessel M/S ROTTERDAM and a resident of Alberta, Canada.

B.  At all times material, defendant HOLLAND AMERICA LINE N.V., a Curacao corporation, was the operator of the M/S ROTTERDAM.

C.  At all times material, defendant HAL ANTILLEN N.V., a Curacao corporation, was the owner/operator/charterer of the M/S ROTTERDAM.

D.  At all times material, defendant INTERCRUISES SHORESIDE & PORT SERVICES, INC., a Florida corporation, provided cruise terminal management and operation services.

E.  Defendant, XYZ CORPORATION, is included in an abundance of caution in the event that discovery reveals that another entity, whose name is not yet known to the Plaintiff, owns, manages, or operates the vessel, M/S ROTTERDAM, or provides cruise terminal services for embarkation, safety and security services wherein Plaintiff was injured.

## IV.    FACTUAL BASIS FOR ALLEGATIONS

A.  On or about March 27, 2022, Plaintiff was a paying passenger aboard the M/S ROTTERDAM (hereinafter "the vessel").

B.  It was the duty of Defendants to provide Plaintiff with reasonable care under the circumstances, which included a duty to exercise a higher degree of reasonable care in seeing

to the safe embarking and disembarking of passengers.

C. At all times material, Defendants had exclusive custody and control of the vessel and the gangway/ramp on which Plaintiff was injured.

D. At all times material, the Plaintiff had mobility issues and required the use of a walker.

E. On or about March 27, 2022, as a result of the negligence of Defendants, Plaintiff suffered serious personal injuries when she fell while attempting to disembark the vessel on a gangway, which was unreasonably steep, lacked proper handrails and otherwise created a dangerous and/or hazardous condition.

F. The unreasonably steep, dangerous and/or hazardous nature of the gangway was not open and obvious, and the Plaintiff had no way of knowing the existence of the hazardous conditions.

## V.    FIRST CAUSE OF ACTION

### Negligence (All Defendants)

A. On or about March 27, 2022, Defendants and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

B. On or about March 27, 2022, Plaintiff was injured due to the fault and/or negligence of Defendants, and/or its agents, servants, and/or employees, as follows:

  a. Failure to provide passengers, including Plaintiff, with a gangway/ramp free of hazards;

  b. Failure to select and/or maintain a reasonably safe surface for the gangway/ramp in light of the gangway/ramp's anticipated purpose;

  c. Failure to promulgate and/or enforce adequate policies and procedures regarding maintaining a reasonably safe gangway/ramp;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

d.  Failure to construct the gangway/ramp in such a way that it is safe for use by disabled persons utilizing walkers;

e.  Creating too steep an angle on the disembarkation gangway/ramp which created a hazard to persons with mobility issues and/or using mobility assistance devises;

f.  Failure to provide adequate assistance for persons with mobility issues and/or using mobility assistance devises;

g.  Rushing passengers, including the Plaintiff, to disembark the vessel;

h.  Lack of proper crowd control when disembarking passengers;

i.  Failure to recognize and/or correct the hazard(s) which caused Plaintiff to fall;

j.  Failure to adequately inspect the area where Plaintiff suffered her accident;

k.  Failure to warn Plaintiff of the hazard(s) posed to her;

l.  Failure to maintain the area where Plaintiff suffered her accident in a reasonably safe condition;

m.  Failure to assist Plaintiff in traversing the gangway/ramp with her walker, causing her to fall off the gangway/ramp;

n.  Failure to eliminate and/or modify the hazard(s) which caused Plaintiff to suffer her accident;

o.  Failure to promulgate and/or enforce adequate policies and procedures for the safe use of the gangway/ramp for disabled passengers;

p.  Failure to ascertain whether the gangway/ramp met international safety standards, Coast Guard standards and/or ADA standards;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

    q.  Failure to erect signs instructing Plaintiff of the safest manner in which to traverse the gangway/ramp; and

    r.  Failure to ascertain the cause of prior similar accidents occurring on any of the Defendants' vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and in particular Plaintiff's accident.

C.  All of the above acts and/or omissions caused and/or contributed to Plaintiff becoming injured when she fell off the steep and unreasonably dangerous gangway/ramp while traversing with her walker to disembark the vessel.

D.  At all times material, Defendants violated the International Safety Management Code's goals and intent and failed to have properly, adequately and safely implement the International Safety Management Code and by extension its own SQM Manual.

E.  At all times material, Defendants failed to have an adequate Safety Management System Manual aboard the vessel and/or failed to properly implement the Safety Management System Manual aboard the vessel.

F.  At all times material hereto, Defendants knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that Defendants did not create, Defendants' knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

## VI.    INJURIES

As a direct and proximate result of defendants' negligence, Plaintiff's body was manipulated and contorted, causing Plaintiff to sustain injuries, including, but not limited to,

severe pain and bruising, whiplash, bursitis, fractured toe, T7 compression fracture, L5 compressed nerve and aggravated MS symptoms.  Plaintiff did thereby sustain extensive and permanent damages, which shall be proved at the time of trial.

### VII.    DAMAGES

A.    As a direct and proximate result of defendants' negligence, Plaintiff sustained conscious physical and mental pain and anguish, disability and loss of enjoyment of life. Plaintiff hereby makes claim for pain, suffering, anguish, disability, physical impairment, loss of enjoyment of life, medical expenses and related economic expenses.

E.    As a direct and proximate result of defendants' negligence, plaintiff lost the benefit of her vacation, cruise and transportation costs.

WHEREFORE, Plaintiff prays for damages to be awarded against defendants, jointly and severally, in an amount to be determined by the presentation of evidence at the time of trial to a jury, together with prejudgment interest, taxable costs, and such other and further relief as the court deems just and proper.

DATED this 2nd day of March, 2023.

**LIPCON, MARGULIES & WINKLEMAN, P.A.**
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, FL 33131
305.373.3016 (T)
305.373.6204 (F)

By:   /s/ Jason R. Margulies
      JASON R. MARGULIES
      WSBA #54741
      jmargulies@lipcon.com

**LIPCON, MARGULIES & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

1

OLIVIA THOMPSON
WSBA #57023
othompson@lipcon.com

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26